**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                                    **Case No. 8:14-Cr-379-T-36TGW**

**JESUS HERNANDO ANGULO MOSQUERA**
_____/

**MOTION TO PERMIT POLYGRAPH TESTIMONY OF DR. DAVID RASKIN**
**AND MR. JAMES ORR AT TRIAL**

The Defendant, Jesus Hernando Angulo-Mosquera, by and through undersigned counsel, respectfully requests the Court's permission for testimony of Dr. David Raskin concerning the scientific foundation for polygraph testing tentatively scheduled for Monday at 1:00 PM (EST) by video connection.  Grounds in support of this request are as follows:

1.      Mr. Angulo-Mosquera, a 54-year old deckhand and cook, was indicted on September 4, 2014 in the Middle District of Florida on charges related to the seizure of 1,500 kilograms of cocaine concealed on board a freighter known as the "Hope II" in August 2014.  If convicted in this case, Mr. Angulo-Mosquera faces a low-end advisory Guidelines sentence of 235 months.

2.      In a January 2015 telephonic status conference, the Court advised that it intended to admit the Defendant's polygraph evidence subject to a written Order to

follow.  On February 27, 2015, Mr. Angulo-Mosquera submitted a detailed request for funds for both Dr. David Raskin and the examiner, Mr. James Orr, to testify at trial.  Doc 159.  On April 9, 2015, the Court issued its written Order admitting the polygraph evidence (Doc 161) and on May 18, 2015 granted Mr. Angulo's request for $4,150.00 on the premises stated in the motion, for the services of these experts at trial.  Doc 173.  Defendant's defense at trial.  Doc 173.  Mr. Angulo-Mosquera's request for funds explained that the testimony of Dr. Raskin, a very qualified scientist and expert witness, was necessary to "explain the science behind polygraphs to a jury."  Doc 159 at 2.  Citing the anticipated vigorous Government challenge to the science supporting polygraph testing and reliability (based on the *Daubert* hearing), it was explained that Mr. Orr, a polygraph examiner, was not a scientist and not qualified to respond concerning various scientific studies, etc. that might likely be contested.  Doc 159 at 2.  It was anticipated in the request that the examiner would testify about the actual exam and how it was administered, that he prepared a report and submitted "the report and raw materials to Dr. Raskin and the Government for review."  Doc 159 at 3.  Essentially, calling Dr. Raskin and Mr. Orr as witnesses is somewhat analogous to calling both the technician who collected DNA samples and the scientist who can explain the science behind DNA comparisons and their significance.

3.     The anticipated testimony of Dr. Raskin was discussed most recently at a hearing scheduled by the Court to consider requests for transcripts, when the possibility of Dr. Raskin's personal appearance in Tampa in lieu of video testimony was proposed.  A request for funds to accommodate that travel was made and withdrawn.  However, the

Government has long been on notice that his testimony was anticipated, it has Dr. Raskin's sworn declaration and his prior testimony at the December 2014 *Daubert* hearing, along with his qualifications and analysis of Mr. Orr's test,.

4. Based on the good-faith belief that the testimony of these defense experts would be permitted, counsel made several representations to this jury during opening statements that can only be substantiated by the expected testimony of these experts. There was no objection. Similar comments were made during Mr. Angulo-Mosquera's opening statement at the last trial in June of this year. There was no objection. While the Court has previously given some indication that it would likely limit polygraph testimony in some appropriate ways, the only specific possible limitation that has been mentioned to date has related to the specific polygraph test questions asked. (This was in reference to the court's written order in *United States v. Crumby*, 895 F. Supp. 1354 (D. Ariz. 1995) also cited in this Court's Order (Doc 161 at 3).)

5. The Court also noted that Dr. Raskin had verified Mr. Orr's test "was of high quality" and "the results reported by Mr. Orr [were] correctly reported" in support of the decision to allow the jury to consider this evidence. Doc 161 at 9. The Defendant similarly believes that Dr. Raskin's review of Mr. Orr's test would be relevant to the jury's determination of the weight it chooses to give this corroboration of the Defendant's testimony. Finally, the Defendant submits that the relative novelty of and lack of general understanding of polygraph testing in comparison with other more routinely admitted scientific evidence requires greater explanation than might be otherwise warranted.

## MEMORANDUM OF LAW

6.      The Court has wide discretion in matters concerning the admission of expert testimony.  *United States v. Frazier*, 387 F.3d 1244 (11th Cir. 2004) (en banc). While *Frazier* primarily discusses a "gatekeeping" determination under Fed.R.Evid. 702, the analysis as it relates to the deference afforded the trial court in making the evidentiary determinations is likely similar.  However, under the circumstances presented in this case at this stage, Mr. Angulo-Mosquera respectfully submits that he would be substantially prejudiced if Dr. Raskin were not permitted to testify concerning the science behind polygraphs and Mr. Orr concerning the specific test.

7.      In *Crumby*, 895 F. Supp. 1354, cited above, Dr. Raskin would have been the only polygraph witness called by the defense if the government had not chosen to dismiss the charges after the court's admission of the polygraph.  However, Dr. Raskin performed the actual test in that case.  If he had performed this particular test in this case he would have been the only polygraph witness requested.  Another case cited in the Court's Order, *United States v. Padilla*, 908 F. Supp. 923 (S.D.Fla. 1995), was also reviewed but it could not be determined whether the proponent of the polygraph evidence sought to admit anything more than the examiner's testimony.

WHEREFORE, Mr. Angulo-Mosquera, by and through undersigned counsel, requests that this Honorable Court permit the video testimony of Dr. David Raskin tentatively scheduled for Monday at 1:00 P.M., concerning the science behind polygraphs and his review of the test conducted by Mr. James Orr, and the testimony in person of the

4

polygraph examiner, Mr. Orr, at trial concerning the actual test of Mr. Angulo-Mosquera.

Respectfully submitted,

*S/Christophir A. Kerr*
Christophir A. Kerr, Esq.
Florida Bar No. 72041
13801 Walsingham Rd., #A-154
Largo, FL 33774
(727) 492-2551 - telephone
(727) 593-9822 - facsimile
E-mail:  christophirkerr@gmail.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing has been furnished by electronic filing to Sheryl L. Loesch, Clerk of the Court, U.S. District Court, Middle District of Florida, U.S. Courthouse, 801 N. Florida Ave., #223, Tampa, AL 33602-3800, on this 16th day of October, 2015.

*S/Christophir A. Kerr*
Christophir A. Kerr, Esq.

5