UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No.: 8:14-cr-379-T-36TGW

JESUS HERNANDO ANGULO
MOSQUERA
_____/

**ORDER**

This matter comes before the Court on the Defendant's Motion for Compassionate Release (Doc. 610). In the motion filed pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, Defendant seeks a reduction in his sentence to time served and requests that he be deported to his native Columbia upon his release, due to COVID-19 concerns.[1] In support of his motion, Defendant filed medical records under seal (Doc. 623), supplemental authority (Doc. 624), and the statement of a witness (Doc. 628). The Government did not file a response but presented its argument in opposition at a hearing on the motion that was held August 19, 2020.[2] At the hearing, a registered nurse presented expert medical testimony on Defendant's behalf. The Court, having considered the motion, heard argument of counsel and being fully advised in the premises, will deny Defendant's Motion for Compassionate Release.

---

[1] Coronavirus disease 2019, known as COVID-19, is the illness caused by the SARS-CoV-2 virus. On March 11, 2020, the World Health Organization declared COVID-19 a pandemic.

[2] A hearing on the motion was requested by Defendant. *See* Doc. 611.

I. **BACKGROUND**

On September 4, 2014, Defendant, Jesus Hernando Angulo Mosquera, was charged in a two-count indictment for combining, conspiring, or agreeing to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. §§ 70503(a) and 70506(a), (b) and 21 U.S.C. § 960(b)(1)(B)(ii) (Count 1); and intentionally possessing with the intent to distribute, or aiding and abetting others with the intent to distribute, five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. §§ 70503(a), 70506(a), (b) and 18 U.S.C. § 2 (Count 2). Doc. 10. On October 23, 2015, after a nine-day trial, a jury found Defendant guilty on both counts. Doc. 372

Defendant was sentenced on January 20, 2016, to a term of 235 months' imprisonment as to each Count, to be served concurrently, followed by five years of supervised release, and other mandatory conditions. Doc. 456. Defendant, who is 59 years old, is currently incarcerated at the North Lake Correctional Institution located in Baldwin, Michigan. He has served less than a third of his sentence and is scheduled to be released from prison on May 6, 2031. *See* BOP Inmate Locator at https://www.bop.gov/inmateloc/.

On May 26, 2020, Defendant filed the instant Motion for Compassionate Release (Doc. 610), requesting modification of his sentence due to the COVID-19 pandemic, coupled with his medical conditions. Defendant alleges he suffers from "serious heart disease, renal disease (or kidney failure), Type II diabetes, hypertension,

2

a history of lung disease, including a recent hospitalization for pneumonia, latent tuberculosis, and is obese." Doc. 610 at 1. Defendant submits that his medical conditions constitute extraordinary and compelling reasons to warrant compassionate release because of his increased vulnerability to the virus and risk of fatal consequences should he contract COVID-19.

At the hearing, counsel for the Government argued that the motion should be denied because Defendant fails to provide an extraordinary and compelling reason to permit his early release from prison. Of the seven factors the Center for Disease Control (CDC) recognizes as supporting extenuating circumstances, the Government contends that Defendant only has one. As for Defendant's claimed medical conditions, the Government submits that with medication, Defendant's conditions are under control. Further, the Government argues that to deport Defendant to Columbia will be more detrimental to his health given that there is minimal or no medical support for his various conditions in the remote area where he would be returning to live. Finally, the Government argues that Defendant has a significant amount of time left on his sentence and consideration of the sentencing factors weighs against a reduction in sentence.

Defense counsel reiterated Defendant's claim of innocence, noting Defendant had passed a polygraph. He contends Defendant was only a cook on the vessel and had no knowledge of the drugs on the boat. Defendant argues that he has served six years in prison and has been incarcerated longer than some of his co-defendants. Defendant suggests that he poses no risk to any community, particularly because he

3

will be deported to his native Columbia where he will be reunited with his family who will care for him. At the hearing, the defense presented testimony from Jane M. Kurz, Ph.D., R.N., Professor of Nursing, who opined that given Defendant's comorbidities, he is at high risk for contracting COVID-19 and suffering more serious or potentially fatal consequences if he is infected with the virus. On cross examination, Dr. Kurz acknowledged that she had no information as to the quality of medical care that would be available to Defendant should he be returned to Columbia. To refute the Government's argument that Defendant would have inadequate medical care in Columbia, the Defendant submitted a letter from his daughter (Doc. 628-1) in which she explains the familial support system available to Defendant in Columbia, his living conditions, and the availability of medicines. Although they have limited means, she states that family would assist in getting Defendant the medical care he needs. *Id.*

## II.   LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i). Effective December 21, 2018, the First Step Act of 2018 amended section 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release. That provision states:

> The court may not modify a term of imprisonment once it has been imposed except that—

    (1) in any case—

        (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

            (i) extraordinary and compelling reasons warrant such a reduction; or

            (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

        and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

        (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. . . .

18 U.S.C. § 3582(c)(1) (italics reflecting amendment under First Step Act). Accordingly, a court may reduce a sentence upon motion of a defendant provided that: (1) the inmate has either exhausted his or her administrative appeal rights of the BOP's failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3)

the reduction is consistent with the Sentencing Commission's policy statement. *See id.* Courts are to consider the § 3553(a) factors, as applicable, as part of the analysis.[3] *See* §3582(c)(1)(A).

The defendant generally bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (providing that defendant bears the burden of establishing a reduction of sentence is warranted under § 3582(c) due to a retroactive guideline amendment); *United States v. Heromin*, Case No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (citing *Hamilton* in the context of a § 3582(c) motion for compassionate release).

## III. DISCUSSION

### A. Administrative Exhaustion has been Satisfied.

Defendant attaches to his motion a copy of an administrative request for reduction in sentence submitted to Defendant's prison case manager dated April 23, 2020, to be submitted to the warden. Doc. 610-4. The record does not reflect if or when the warden of CI North Lake responded to Defendant's request, but more than thirty

---

[3] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

days has passed since Defendant submitted his request, and thus the Court finds Defendant has satisfied the administrative exhaustion requirement. *See* 18 U.S.C. § 3582(c)(1)(A).

### B. Defendant Fails to Present an Extraordinary and Compelling Reason for Compassionate Release.

Even though Defendant exhausted administrative remedies prior to filing the instant motion, his motion nevertheless fails. In its existing policy statement on compassionate release, the Sentencing Commission identifies four categories in which extraordinary and compelling circumstances may exist: (1) the defendant's medical condition; (2) the defendant's advanced age (at least 65 years old); (3) family circumstances; and (4) other reasons. U.S.S.G. §1B1.13, cmt. n. 1(A)–(D). Only the first and fourth provisions are potentially relevant here, because Defendant is fifty-nine years of age and does not allege any extraordinary family circumstances.

Under the first factor, a defendant's medical condition may provide an extraordinary and compelling reason to support a reduction in sentence when the defendant is: (1) suffering from a terminal illness, *i.e.*, a serious and advanced illness with an end of life trajectory; or (2) suffering from a serious physical or medical condition that substantially diminishes his ability to care for himself within the prison environment and from which he is not expected to recover. U.S.S.G. §1B1.13, cmt. n. 1(A). Defendant alleges his medical conditions place him at increased risk for contracting COVID-19 and suffering more severe consequences as a result. Additionally, he submits that as a Columbian male, his expected life span is 57.99

years and thus he is at the end of his life trajectory. Doc. 610 at 2, n.2. None of the conditions Defendant suffers from constitute a "terminal illness." Further, the studies related to Columbian life expectancies are presumably for individuals living in Columbia, which currently, Defendant does not. There is nothing about Defendant's alleged medical conditions that reveal he is unable to care for himself in the prison environment. To the contrary, as evidenced by the records he submits, his medical conditions are being routinely monitored and he is receiving medical care and medications for his various health problems.

The fourth factor, which has been described as a catch-all provision, applies when, "[a]s determined by the Director of the [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in the subdivisions (A) through (C)." U.S.S.G. §1B1.13, cmt. n. 1(D). On the facts before the Court, Defendant similarly fails to demonstrate an extraordinary and compelling reason to warrant release under this provision.

Defendant argues the possibility that he will contract COVID-19 constitutes an extraordinary and compelling reason to support a reduction in his sentence. The Bureau of Prison's website is currently reporting that C.I. North Lake has two inmates who are positive for COVID-19. (https://www.bop.gov/coronavirus/ last accessed December 31, 2020). One hundred sixteen inmates have recovered from COVID-19, and there have been two deaths. *Id.* This Circuit and others have held that general concerns about possible exposure to COVID-19 do not alone meet the criteria for an extraordinary and compelling reason under § 3582(c)(1)(A) and U.S.S.G. §1B1.13,

8

cmt. n. 1. *See United States v. Luster*, 2020 U.S. App. LEXIS 34965, at *3 (11th Cir. Nov. 04, 2020) (finding that "generalized allegations concerning COVID-19 did not warrant release" given defendant's lack of evidence concerning the severity of his conditions); *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."); *United States v. Eberhart*, No. 13-cr-313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence."). Thus, Defendant's general concerns of the possibility of contracting COVID-19 are insufficient to support a reduction in his sentence. The Court acknowledges that Defendant does have health conditions that may put him at an increased risk should he contract COVID-19, but as noted above, his medical conditions are being routinely monitored, he is receiving medical care, and Defendant does not demonstrate that he is unable to care for himself in the prison environment. Thus, Defendant fails to demonstrate an extraordinary and compelling reason to support a reduction in sentence.

### C.    Section 3553 Factors Weigh Against a Reduction in Sentence.

Even if Defendant was able to establish an extraordinary and compelling reason, the Court must make a finding that Defendant would not be a danger to the safety of any person or the community. *See* USSG § 1B1.13(2). Here, consideration of

the § 3553(a) factors[4] counsels against a reduction in sentence or compassionate release. Defendant has served only a fraction of his 235-month sentence, he has not taken responsibility for his part in the drug conspiracy, and the crime involved a significant quantity of drugs. He seeks to be returned to the area where he was first recruited to engage in the criminal conduct. Consideration of the § 3553(a) factors weighs against a reduction in Defendant's sentence. Defendant committed a serious crime. The Court finds that a reduction in Defendant's sentence would be contrary to the § 3553(a) factors, and consideration of the sentencing factors weigh against his release. Accordingly, it is hereby

**ORDERED**:

Defendant's Motion for Compassionate Release (Doc. 610) is **denied**.

**DONE AND ORDERED** in Tampa, Florida on December 31, 2020.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any

---

[4] *Supra*, n. 3.