UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:14-cr-379-CEH-TGW

JESUS HERNANDEO ANGULO
MOSQUERA

**ORDER**

This cause comes before the Court on Defendant Jesus Hernandeo Angulo Mosquera's Motion for Compassionate Release Pursuant to 18 USC § 3582(c)(1)(A) (Doc. 664). In the motion, Mosquera seeks compassionate release because of his medical conditions and the COVID-19 pandemic. The Government has responded in opposition (Doc. 665). Also before the Court is Mosquera's Request to Proceed as a Pro Se Defendant (Doc. 663).

Upon review and consideration, and being fully advised in the premises, the Court will grant the request to proceed pro se, and deny the motion for compassionate release.

**I.  BACKGROUND**

Mosquera was sentenced to a term of 235 months' imprisonment on January 20, 2016, upon his conviction, after a trial, of conspiracy to possess and possession with intent to distribute five kilograms or more of cocaine while aboard a vessel. Doc. 631 at 2. Mosquera maintains his innocence, contending he had no knowledge of the

drugs on the boat. *Id.* at 3. Now 62 years old, he is serving his term of incarceration at FCI Fort Dix.

In May 2020, Mosquera filed a motion for compassionate release because of the COVID-19 pandemic and his medical conditions, which he argued place him at increased vulnerability to fatal consequences should he contract the virus. *Id.* After holding an evidentiary hearing on August 19, 2020, the Court issued an Order denying the motion on December 31, 2020. *Id.* The Court concluded that Mosquera's medical conditions failed to satisfy the strict definition of an extraordinary and compelling reason for compassionate release found in the Sentencing Guidelines' policy statement, even taking into account the risks presented by COVID-19. *Id.* at 7-9. The Court also found that the sentencing factors in 18 U.S.C. § 3553(a) weighed against a sentence reduction. *Id.* at 9-10.

Mosquera now moves for compassionate release again. Doc. 664. Since the time of his first motion, he asserts that his medical conditions have deteriorated, he was hospitalized for COVID-19, and he was transferred to "the worst COVID-managed BOP facility in the country." *Id.* at 2, 4-7. He argues that the harsh conditions of confinement and his bout of COVID-19 have exacerbated his health conditions, representing an extraordinary and compelling reason for release. *Id.* at 4. Mosquera contends that the Court is permitted "extremely broad, perhaps unlimited, discretion to determine whether extraordinary and compelling reasons exist to warrant a modification of sentence." *Id.* at 3.

Responding in opposition, the Government first argues that Mosquera has failed to exhaust his administrative remedies for the instant motion, rather than for his first motion. Doc. 665 at 2-3. As to the merits, the Government asserts that Mosquera's arguments about what constitutes an extraordinary and compelling reason are contrary to binding Eleventh Circuit precedent, and he has failed to establish an extraordinary and compelling reason under the correct standard. *Id.* at 3-7.

## II. LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c). Effective December 21, 2018, section 603 of the First Step Act of 2018 amended section 3582(c)(1)(A) by adding a provision that allows incarcerated individuals to directly petition a district court for compassionate release. That provision states:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
>> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of

3

> imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>
>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. . . .

18 U.S.C. § 3582(c)(1) (italics reflecting amendment under First Step Act). Courts are to consider the factors listed in 18 U.S.C. § 3553(a), as applicable, as part of the analysis.[1] *See* § 3582(c)(1)(A).

---

[1] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

## III. DISCUSSION

As a threshold matter, contrary to the Government's contention, Mosquera has exhausted his administrative remedies. Under 18 U.S.C. § 3582(c)(1), a defendant must exhaust administrative remedies with the Bureau of Prisons prior to filing a motion for compassionate release. "Section 3582(c)(1)(A) unambiguously provides that a defendant may either move for compassionate release after the defendant has fully exhausted administrative remedies *or* 'the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.'" *United States v. Smith*, 482 F. Supp. 3d 1218, 1223 (M.D. Fla. 2020) (emphasis in original) (quoting 18 U.S.C. § 3582(c)(1)(A)).

Mosquera states that he exhausted his administrative remedies by making a request to the warden of his prison facility in April 2020. Doc. 664-1 at 3. As the Government points out, Mosquera relied on the same request to establish the exhaustion requirement for his first motion for compassionate release. *See* Doc. 631 at 6. However, the Government also attaches a copy of a subsequent request for compassionate release that Mosquera submitted to the warden on December 20, 2022, as well as a response from the warden denying the request, which is dated February 3, 2023. Doc. 668. The instant motion is dated March 28, 2023, and was received by the Court on April 3, 2023. Doc. 664. The Court can therefore infer that the warden received Mosquera's second request for compassionate release more than 30 days before Mosquera filed his second motion. Accordingly, Mosquera has exhausted his administrative remedies.

However, Mosquera has not established the existence of an extraordinary and compelling reason that warrants compassionate release under the strict definition in the policy statement to the Sentencing Guidelines, which binding Eleventh Circuit caselaw requires this Court to follow. Under 18 U.S.C. § 3582(c)(1)(A) as amended by the First Step Act, a defendant must show (1) that he is 70 years old and has served at least 30 years of incarceration and meets other enumerated criteria; or (2) that he has an extraordinary and compelling reason for compassionate release. The Eleventh Circuit has held that "extraordinary and compelling reasons" that permit the grant of compassionate release are exclusively defined by the policy statement of the United States Sentencing Commission contained in U.S.S.G. § 1B1.13, cmt. n.1. *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021). Such reasons are: the defendant's medical condition, his age, his family circumstances, or another reason that is determined by the Director of the Bureau of Prisons. U.S.S.G. § 1B1.13, cmt. n.1. This list of reasons is exhaustive, and a court cannot depart from it. *Bryant*, 996 F.3d at 1265-66. Mosquera's contention that the Court has unlimited discretion to define an extraordinary and compelling reason is therefore an incorrect statement of the law in the Eleventh Circuit.

Because Mosquera is 62 years old and was not sentenced until 2016, he does not qualify for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(1). He must instead demonstrate an extraordinary and compelling reason under § 3582(c)(1)(A)(2). Mosquera argues that his worsening medical conditions, the COVID-19 pandemic, and the conditions at his prison facility constitute such a reason.

Under the policy statement at U.S.S.G. § 1B1.13, cmt. n.1(A), an incarcerated individual's medical condition may provide an extraordinary and compelling reason to support a reduction in sentence when he is: (1) suffering from a terminal illness, i.e., a serious and advanced illness with an end of life trajectory; or (2) suffering from a serious physical or medical condition that substantially diminishes his ability to care for himself within the prison environment and from which he is not expected to recover. U.S.S.G. § 1B1.13, cmt. n. 1(A).

In its previous Order, the Court recognized that Mosquera suffers from health conditions that may put him at an increased risk should he contract COVID-19. Doc. 631 at 9. Specifically, Mosquera has been diagnosed with heart disease, kidney failure, Type II diabetes, hypertension, lung disease, latent tuberculosis, and obesity. *Id.* at 2-3. The Court concluded, however, that he had not demonstrated that he was unable to care for himself in the prison environment, pursuant to the second subsection of the policy statement definition. *Id.* at 8. In his new motion, Mosquera has submitted medical records that support his allegation that at least some of his conditions have worsened in the intervening years. *See* Doc. 664-2. But the medical records submitted by the Government suggest that he continues to be able to care for himself in the prison environment, despite his diagnoses. *See* Doc. 669. The records reflect that Mosquera receives routine medical appointments and lab tests, and that his conditions are managed through a combination of prescription medication and lifestyle changes such as calorie reduction and exercise. *Id.* He has no work restrictions or physical limitations, aside from requiring a lower bunk in his cell. *Id.* at 59. In all, there is still

no evidence that Mosquera is unable to care for himself in the prison environment, as the policy statement requires. His medical conditions therefore do not satisfy the definition of an extraordinary and compelling reason warranting compassionate release.

As he did in his first motion, Mosquera again relies heavily on the COVID-19 pandemic when arguing that he should be released. He reports that he required hospitalization when he contracted COVID-19, and that he has been transferred to a prison that has a particularly high rate of COVID-19. Doc. 664-1 at 5. The Court acknowledges that Mosquera's diagnoses render him more vulnerable to serious consequences if he contracts COVID-19, and that individuals in congregate settings are at greater risk of contracting COVID-19. However, in the years since Mosquera's previous motion, the Eleventh Circuit has explicitly held that the COVID-19 pandemic does not permit a district court to deviate from the policy statement's requirements even where an incarcerated individual's medical conditions put him at particular risk of serious consequences from contracting COVID-19. *See United States v. Giron*, 15 F.4th 1343, 1346-47 (11th Cir. 2021) (the confluence of defendant's medical conditions and the COVID-19 pandemic did not create an extraordinary and compelling reason for compassionate release); *see also, e.g.*, *United States v. Willhite*, No. 21-10441, 2022 WL 424817, *1-2 (11th Cir. Feb. 11, 2022) (same); *United States v. Pearson*, No. 21-10750, 2021 WL 4987940, *1-2 (11th Cir. Oct. 27, 2021) (same).

Nor can Mosquera rely on the fourth type of extraordinary and compelling reason listed in the policy statement. Under this provision, often described as a "catch-

8

all" provision, compassionate release may be warranted if, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13, cmt. n. 1(D). The Eleventh Circuit has held that this provision must be interpreted literally. *Bryant*, 996 F.3d 1243. Therefore, an identified reason requires approval from the Director of the Bureau of Prisons before it can be considered extraordinary and compelling. *Id.*; *Giron*, 15 F.4th at 1350 ("district courts are bound by U.S.S.G. § 1B1.13 when granting compassionate release and…only the Bureau of Prisons can expand the extraordinary and compelling reasons under the catch-all provision"). Mosquera has not demonstrated that the BOP has approved his identified reasons as extraordinary and compelling. *See Giron*, 15 F.4th at 1347 (rejecting defendant's argument that his medical conditions and the COVID-19 pandemic fell under the catch-all provision).

Mosquera also cites the challenging conditions of confinement he has faced during the COVID-19 pandemic and his claim of innocence as reasons supporting compassionate release. Doc. 664-1 at 8-18. However, neither of these is an extraordinary and compelling reason listed in the policy statement or approved by the Bureau of Prisons. In addition, because the Court has determined that Mosquera is not eligible for compassionate release based upon its finding that no extraordinary or compelling reason exists, it need not analyze the factors listed in 18 U.S.C. § 3553. *Giron*, 15 F.4th at 1350. Mosquera's motion for compassionate release must be denied.

Accordingly, it is **ORDERED**:

1. Mosquera's Request to Proceed as a Pro Se Defendant (Doc. 663) is **GRANTED**.

2. Defendant Jesus Hernandeo Angulo Mosquera's Motion for Compassionate Release Pursuant to 18 USC § 3582(c)(1)(A) (Doc. 664) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on October 30, 2023.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties